1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **WESTERN DIVISION**

11

12   DONNIE KAY SNEED,                    )    No. CV 15-1312-GW (PLA)
                                          )
13                   Petitioner,          )
                                          )
14         v.                             )    **ORDER SUMMARILY DISMISSING**
                                          )    **HABEAS PETITION FOR FAILURE TO**
15   S. PEERY, Warden,                    )    **COMPLY WITH FEDERAL RULES**
                                          )
16                   Respondent.          )
                                          )
17   ─────────────────────────────────── )

18                                 **I.**

19                           **BACKGROUND**

20         Petitioner has a habeas petition pending in this Court, case number CV 14-8386-GW (PLA)

21   ("CV 14-8386"), challenging his February 23, 2011, conviction in the Los Angeles County Superior

22   Court in case number B314300.  (CV 14-8386, Pet. at 2).  On February 4, 2015, in CV 14-8386,

23   the Magistrate Judge granted petitioner's request for a stay while he exhausts Grounds Two

24   through Four of that petition in the California Supreme Court.  (CV 14-8386, Dkt. No. 19).

25         On February 24, 2015, petitioner filed another Petition for Writ of Habeas Corpus by a

26   Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), which was given a

27   new case number -- CV 15-1312-GW (PLA) ("CV 15-1312").  The Petition also challenges

28   petitioner's February 23, 2011, conviction in the Los Angeles County Superior Court in case

number B314300.  (Pet. at 2).  The Petition, however, does not state <u>any</u> grounds for relief.  (<u>See generally</u> Pet. at 5-7).  Petitioner also attached two documents to the Petition without explanation: (1) his Petition for Review to the California Supreme Court, case number S210879, challenging the California Court of Appeal's unpublished decision affirming his 2011 conviction; and (2) "Exhibit 'A,'" the California Court of Appeal's April 15, 2013, unpublished decision affirming his conviction.  (Pet. Attach.).

On February 26, 2015, the Magistrate Judge ordered petitioner to file a status report in this action, informing the Court whether (a) case number CV 15-1312 was intended to be a new habeas petition; (b) petitioner was attempting to amend the petition in case number CV 14-8386; or (c) petitioner was attempting to file additional documents in support of his pending petition in case number CV 14-8386.  (Dkt. No. 4).

On March 18, 2015, petitioner submitted a Status Report in which he stated that his intent in case number CV 15-1312 was to file a <u>new</u> habeas petition "for the first time from his Direct Appeal in Case #BA314300."  (Status Report (Dkt. No. 5) at 1).  He also stated that he intended, but failed, to include in the Petition a claim of ineffective assistance of appellate counsel for raising only "minor" issues on appeal, <u>i.e.</u>, failure of the trial court to re-advise petitioner of the dangers of self-representation, and an instructional error claim.  (Status Report at 2).  Ineffective assistance of appellate counsel is not one of the claims brought by petitioner in case number CV 14-8386.[1]  Petitioner also notes that he filed case number CV 15-1312 in order "to preserve [the] (1) year tolling that around March 25, 2015 deadline only [sic]."  (<u>Id.</u>).  The Court construes this to mean that petitioner believes that the one-year AEDPA statute of limitations on any claims relating to his 2011 conviction expires on March 25, 2015.  Finally, petitioner stated that the exhibits attached to the Petition were "a mistake" and that he will be sending the right information.

---

[1]  In case number CV 14-8386, petitioner raised the following claims:  (1) the trial court negligently failed to admonish petitioner regarding the risks of self-representation ("Ground One"); (2) the trial court was biased against petitioner ("Ground Two"); (3) the trial judge failed to provide petitioner with effective assistance of counsel ("Ground Three"); and (4) petitioner was denied discovery ("Ground Four").  (CV 14-8386, Pet. at 5-6).

1  (Id.).  There is no indication whether petitioner's ineffective assistance of appellate counsel claim

2  has been exhausted in the state courts.

3

4  **II.**

5  **DISCUSSION**

6          Rule 2(c) of the Rules Governing Habeas Corpus Cases provides that a federal habeas

7  petition must specify *all the grounds for relief* as well as the facts supporting each ground.  <u>See</u>

8  Rule 2(c) (emphasis added).  Here, the spaces on the form Petition for petitioner to state his

9  grounds for relief, their supporting facts, and whether he has raised those grounds in the state

10  court of appeal and supreme court, are entirely blank.  (<u>See</u> <u>generally</u> Pet. at 5-7).  The Petition,

11  therefore, fails to comply with Rule 2(c) and, in its present format, does not provide either a clear

12  legal basis for habeas relief or specific supporting facts for any claim.  For the same reason, the

13  Petition fails to comply with Rules 8(a) and 8(d)(1) of the Federal Rules of Civil Procedure,

14  requiring a "short and plain statement of the claim showing that the pleader is entitled to relief,"

15  and containing allegations that are simple, concise, and direct.  In short, the Petition fails to set

16  forth any cognizable claim for habeas relief.  Where, as here, a petitioner fails to clearly set forth

17  allegations sufficient to provide any respondent with fair notice of the petitioner's claims, the

18  petition fails to comply with Rule 8 and is subject to dismissal.  <u>See</u>, <u>e.g.</u>, McHenry v. Renne, 84

19  F.3d 1172, 1177-79 (9th Cir. 1996).

20          Additionally, based on the information in the Status Report provided by petitioner, the Court

21  concludes that even if the Petition had been properly completed, because it purports to challenge

22  the <u>same</u> conviction petitioner is already challenging in CV 14-8386, the claim may not be brought

23  in a new petition under a new case number.  <u>See</u>  White v. Lamarque, 2002 WL 1941152, at *1

24  (N.D. Cal. Aug. 12, 2002) ("All claims pertaining to the same state conviction should be included

25  in a single petition for a writ of habeas corpus under 28 USC § 2254.").  However, rather than

26  moving the Court for leave to amend the petition in CV 14-8386 to add an additional claim of

27

28

ineffective assistance of appellate counsel,[2] petitioner improperly filed a completely new Petition challenging the same conviction.

Finally, by completely failing to fill out pages five through seven of the form Petition, petitioner failed to demonstrate that he has exhausted the claim(s) he seeks to bring.  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

### III.

### ORDER

Based on the foregoing deficiencies, the Petition is **dismissed** without prejudice.

DATED:  March 26, 2015

_George H. Wu_

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

---

[2]   Even if petitioner moves to amend the petition in CV 14-8386, he would have to show, among other things, that the claim is exhausted and timely.

4